206    417
29 SC ¹394

# Shuman, Appellant, *v.* Juniata Farmers' Mutual Fire Insurance Company.

*Insurance—Mutual fire insurance—Assessments—Payment—Notice.*

Where a mutual fire insurance company sends to a member a notice in the form of a bill to pay an assessment, and the notice also states that the treasurer of the company will be at certain places at dates named, to receive the assessments, and a by-law of the company provides that assessments must be paid within thirty days from the date of the notice, a member cannot claim that he is entitled to thirty days from the date when the

treasurer was to be at a place in the member's neighborhood.   He must pay within thirty days of the date of the notice.

In an action to recover for a loss sustained by a fire after the expiration of the notice for payment of such assessment, plaintiff cannot offer in evidence the next subsequent notice of assessment which was different in form from the prior one.   Such notice is not competent evidence that the former one was insufficient.

Argued May 26, 1903.   Appeal, No. 347, Jan. T., 1902, by plaintiff, from judgment of C. P. Juniata Co., April T., 1901, No. 108, on verdict for defendant, in case of Uriah Shuman v. Juniata Farmers' Mutual Life Insurance Company.   Before MITCHELL, DEAN, FELL, BROWN and POTTER, JJ.   Affirmed.

Assumpsit on a policy of mutual fire insurance company. Before SHULL, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were among others (1) in ruling that the notice of assessment was sufficient; (4) in not admitting notice of assessment, No. 18, referred to in the opinion of the Supreme Court.

*Louis E. Atkinson*, of *Atkinson & Pennell*, for appellant.

*J. N. Keller*, with him *J. Howard Neely*, for appellee.

PER CURIAM, June 2, 1903:

In mutual insurance companies the prompt payment of assessments by the policy holders is essential to the life of the company.   The amounts are relatively small and delay in payment means either larger assessments than are really required or danger of lack of funds for prompt settlement of losses.   In the present case the limit of time for payment was expressly fixed in by-law 21, " when an assessment shall have been made on any premium note and the same is not paid within thirty days from date of notice to pay, protection against loss or damage by fire shall cease, until such assessment has been fully paid," etc.   By the only reasonable construction of this by-law, notice to the policy holder of an assessment on his policy was a notice to pay it.   Everybody understands that sending a bill

for goods bought or money due the sender on any account, is a notice to pay. The notice sent by the company in this case to the plaintiff was in form a bill. "Mr. Uriah Shuman to Juniata Farmers' Mutual Fire Insurance Co., Dr. To assessment No. 17 on policy 2023," etc. This was a clear call for payment and admits of no other reasonable understanding. Had it stopped there, the plaintiff would have been bound to know that under by-law 21 he must pay within thirty days of the receipt of the notice, or his protection under the policy would be suspended. The notice contained in addition to the statement of the assessment a notice that the treasurer of the company would be at certain places at dates named, to receive the assessments. This, however, was plainly for the convenience of the policy holders, and could not reasonably be taken as in any way modifying the requirement that the payment must be within thirty days. Plaintiff claimed to have understood that the notice gave him thirty days from December 7, when the treasurer was to be at Thomsontown, apparently a convenient place for plaintiff to make his payment. But such a claim has no reasonable basis. If he chose, for his convenience to wait until the treasurer came to Thomsontown on December 7, he should have paid there and then, otherwise what did it matter to him that the treasurer came there on that day or at all? If he found he did not want to take advantage of the presence of the treasurer in his neighborhood, he still had two weeks left of his thirty days in which to pay. But he neither paid on December 7 nor in the next two weeks, but allowed his full thirty days to run out without any intention to pay, so far as appears, until his interest was sharpened by the happening of his fire. This was a total disregard of his obligation, and he was bound to know that under by-law 21 the penalty would be suspension of his protection by the policy.

The notice of the subsequent assessment No. 18, was properly excluded. The company had a right to change its form of notice, and its doing so had no bearing on the sufficiency of the form previously used. Even if it was suggested by this plaintiff's perverse misconstruction of the first form, it would not on that account have been competent evidence that the latter was insufficient.

Judgment affirmed.